B. FLETCHER, Circuit Judge,
concurring in part and dissenting in part:
The district court erred by dismissing Krainski’s Fourth Amendment claim and abused its discretion by dismissing the complaint without leave to amend. I therefore respectfully dissent from the portion of the majority’s opinion that affirms the district court’s decision in those respects.
If the UNLV police officers who arrested Krainski knew or should have known that the allegations against her were false, the police officers would have violated the Fourth Amendment’s clearly established prohibitions. See Baldwin v. Placer County, 418 F.3d 966, 970-71 (9th Cir.2005). The majority, however, deems Krainski’s Fourth Amendment claim too conclusory to survive.
Krainski’s complaint is more than “legal conclusions” or a “recital[ ] of the elements of a cause of action,” Ashcroft v. Iqbal, — U.S.—, 129 S.Ct. 1937, 1949, 1950, 173 L.Ed.2d 868 (2009), because she alleges more than simply that UNLV police lacked probable cause to arrest her. She alleges in some detail the factual circumstances under which the arrest took place. See Majority Op. at 966. She also alleges facts that explain why the police lacked probable cause — namely, that the police “knew, or should have known, that the allegations[against her] were false.”
That allegation is enough to satisfy Federal Rule of Civil Procedure 8(a) and to survive a motion under Rule 12(b)(6). The Supreme Court has expressly approved as adequate an analogous complaint alleging negligence. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 n. 4, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Fed.R.Civ.P. app. Form 9 (2000)). “On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.” Fed.R.Civ.P. app. Form 9.[1] Just as Krainski’s complaint does with respect to her *973 Fourth Amendment claim, Form 9 sketches the factual circumstances out of which the legal claim for negligence arose — when, where, and in general terms, how the claim arose. But Krainski’s complaint alleges more, for she explains not only the surrounding circumstances but the precise manner in which the police lacked probable cause to arrest her. Form 9, by contrast, simply alleges negligence without specifying why the driver was negligent (by driving too quickly, for example, or by being distracted). Krainski has adequately stated a claim for a violation of the Fourth Amendment.
Even if the majority were right that Krainski’s Fourth Amendment allegations are conclusory, it would still be wrong to affirm the district court’s dismissal without leave to amend.
The district court did not even address Krainski’s request to amend her complaint. Because “[a] district court’s failure to exercise discretion constitutes an abuse of discretion,” Caudle v. Bristow Optical Co., 224 F.3d 1014, 1027 (9th Cir.2000) (citation and quotation marks omitted), we should at least remand, requiring the district court to exercise its discretion one way or the other.
More importantly, it is easy to think of an amendment that could save the complaint from the majority’s strictures— Krainski could specify why and how the police “knew, or should have known, that the allegations [against her] were false.” The majority rightly acknowledges that “[dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.” Majority Op. at 972 (quoting Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir.2004)). Here it is clear that the complaint could be saved by amendment, even under the majority’s evaluation of the current complaint. Krainski is entitled to an opportunity to cure any inadequacies in the complaint.
The majority wrongly asserts that Krainski conceded there were no new facts that she could use to save her complaint. At oral argument, when asked about how he could amend the complaint, counsel for Krainski stated:
We certainly are aware of many more facts now than we were when we first drafted the complaint. So essentially, the allegations we could add to the complaint at this point is to be more specific about the actual conspiracy that took place, who it occurred between, what school officials were actually involved in this.
Oral arg. at 4:46-5:10. Part of the alleged conspiracy, of course, was the fact that the police officers who made the arrest knew or should have known that the allegations against Krainski were false. Counsel was thus telling us that he could be “more specific” about how and why the police officers knew or should have known the allegations to be false. The majority posits a concession that was never made.
Krainski is entitled to discovery to substantiate the Fourth Amendment claim she properly alleges in her complaint; prepared to allege additional facts, she should also be allowed to amend her complaint.[2] I therefore dissent.

. "The forms in the Appendix suffice under these rules and illustrate the simplicity and *973 brevity that these rules contemplate.” Fed.R.Civ.P. 84.

. I note specifically that her due process claim — that she was not allowed representation at the disciplinary hearing while criminal charges were pending against her — could be more explicitly stated in an amended complaint. See Gabrilowitz v. Newman, 582 F.2d 100 (1st Cir.1978).